**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

Nemours Building  (302) 573-6277
1007 N. Orange Street, Suite 700  FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

March 5, 2007

CR07-32-UNA

Mr. Keith Kincaid
Clerk's Office
United States District Court
Federal Building, 4th Floor
844 King Street
Wilmington, Delaware 19801



FILED
MAR 5 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Re: **Jeffrey C. Williams**

Dear Mr. Kincaid:

Jeffrey Williams, represented by Edmund D. Lyons, Jr., Esquire, is prepared to waive Indictment and enter a guilty plea to an Information charging one count of HUD fraud. Please file the enclosed one count Information. The Defendant Information Sheet is enclosed.

Also enclosed is a Waiver of Indictment and Memorandum of Plea Agreement, which will be executed at the guilty plea.

Please advise me once this matter has been assigned to a particular District Court Judge.

Very truly yours,

COLM F. CONNOLLY
United States Attorney

By: _____
Edmond Falgowski
Assistant United States Attorney

pc: Edmund D. Lyons, Jr., Esquire

EF:slb
Enclosures

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 07- 32 - JNA |
| | ) | |
| JEFFERY C. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Edmond Falgowski, Assistant United States Attorney, and Edmund D. Lyons, Jr., Esquire, attorney for the Defendant, Jeffrey C. Williams, the following memorandum of plea agreement (hereinafter the "agreement" or "Memorandum") is hereby entered into by the respective parties:

1. The Defendant agrees to waive indictment by grand jury and to plead guilty to a one count Information, which charges the Defendant with knowingly stealing funds in excess of $5,000 owned by and under the care, custody and control of a management company, an organization within the meaning of Title 18, United States Code, Section 666(a) and (b), in violation of Title 18, United States Code, Section 666(a)(1)(A). The essential elements of the offense, each of which the Government would have to prove beyond a reasonable doubt at trial, are: (i) the management company was an organization that received federal funds in excess of $10,000 during the calendar year 2005; (ii) the Defendant was an agent of the management company, in that the Defendant was the property manager of apartment complexes managed by the management company; and (iii) the Defendant intentionally stole property valued at $5,000 or more and owned by or under the care, custody, or control of the management company.

2. The maximum penalties for Count One of the Information are ten years imprisonment, a $250,000 fine, a term of three years of supervised release, restitution, and a $100 special assessment.

3. The Defendant agrees to pay the special assessment of $100 at or before the time of sentencing. If the Sentencing Court imposes a sentence that includes a term of imprisonment, and if the Court orders the payment of any fine as part of the Defendant's sentence, the Defendant agrees voluntarily to enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the Defendant's prison salary and apply it on the Defendant's behalf to the payment of the outstanding debt ordered.

4. The Defendant understands that at sentencing, the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence stated in Title 18, United States Code, Section 3553(a). The Defendant recognizes that the final determination of the Defendant's sentence will be made by the Court. The Defendant further understands that the Court is not bound by any stipulations or recommendations of the parties. The Defendant agrees that he will not be allowed to withdraw his guilty plea because the Court calculates the guidelines differently than he expects, or imposes a sentence greater than what he expects, or imposes a sentence contrary to any stipulation of the parties or recommendation of his attorney.

5. Based on information known by the Government to date, at the time of sentencing the Government agrees to move for a three (3) level reduction in the offense level for the Defendant's affirmative acceptance of responsibility under U.S. Sentencing Guideline Section 3E1.1, if the offense level is sixteen (16) or above; otherwise, the Government will recommend a two (2) level reduction in the offense level pursuant to U.S.S.G. §3E1.1. The Government will make this motion because the Defendant has timely notified authorities of his intention to enter a plea of guilty, thereby allowing the

Government to avoid preparing for indictment and trial and permitting the Court to allocate its resources efficiently.

6. The Defendant acknowledges that the Court can order restitution at the $9,439 loss referenced in the Information. The Defendant further acknowledges that the Government believes the actual losses are closer to approximately $40,000, and that at sentencing the Government will argue that the Sentencing Guidelines be calculated accordingly. The Defendant agrees that the Court can order restitution for all losses the Court deems "relevant conduct," pursuant to U.S.S.G. § 1B1.3, even if that figure is greater than the loss specified in the Information.

7. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____       By:_____
Edmund D. Lyons, Jr., Esquire              Edmond Falgowski
Attorney for Defendant                     Assistant United States Attorney


_____
Jeffrey C. Williams
Defendant

Dated:


   AND NOW this _____ day of _____, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

                                           _____
                                           HONORABLE
                                           United States District Court

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>JEFFREY C. WILLIAMS,<br><br>      Defendant. | :<br>:<br>:<br>:<br>: Criminal Action No. 07-__32__-JJF<br>:<br>:<br>:<br>: |

## WAIVER OF INDICTMENT

1. JEFFREY C. WILLIAMS, the above named defendant, who is accused of violating Title 18, United States Code, Section 666(a)(1)(A), being advised of the nature of the charge and of his rights, hereby knowingly, voluntarily and intelligently waives prosecution by Indictment and consents that the proceeding may be by information instead of by Indictment.

2. The defendant understands that (a) unless he waives Indictment, he could not be charged with violating Title 18, United States Code, Section 666(a)(1)(A), unless the Grand Jury found probable cause to believe he committed this offense and returned an Indictment; (b) the Grand Jury is composed of at least sixteen, but not more than twenty-three lay persons, and at least twelve of those Grand Jurors must find probable cause to believe that the defendant committed the offense before an Indictment could be returned; and (c) by waiving Indictment, the Government will be proceeding by a document written by the United States Attorney and called an Information and the defendant will be prosecuted on that Information, rather than on an Indictment.

3. The defendant has read and reviewed with his counsel the charges in the Information, and is satisfied that his counsel has properly explained the charges and this Waiver to him.

4. No one has made the defendant any promises or threatened or forced the defendant to waive Indictment.

Date: _____, 2007      _____
                                  Jeffrey C. Williams, Defendant

Date: _____, 2007      _____
                                  Edmond D. Lyons, Esquire
                                  Counsel for Defendant