The PROB 12
(Rev. 2/94)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Criminal Action No.  07CR00032-001(JJF)** |
| ) | |
| Jeffrey C. Williams, ) | |
| ) | |
| Defendant. ) | |

### Petition on Probation and Supervised Release

COMES NOW Frank Kurzeknabe PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Jeffrey C. Williams who was placed on supervision by the Honorable Joseph J. Farnan, Jr. sitting in the court at Wilmington, Delaware  on the 12th day of July, 2007 who fixed the period of supervision at three years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

Pay  $100.00 special assessment.
Make restitution in the amount of $59,576.00.
Defendant shall provide the probation officer with access to any requested financial information.
Defendant shall make restitution payments form wages earned while in prison in accordance with the Bureau of Prisons.
Defendant shall make a lump sum payment of one half of the restitution obligation within six months of commencing the term of supervised release.
Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision.  While on supervised release, the defendant shall pay not less than $100.00 monthly for restitution.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:

(PLEASE SEE ATTACHED)

PRAYING THAT THE COURT WILL ORDER that a summons be issued for Jeffrey C. Williams and that he appear before the Court for a Revocation Hearing to determine if he is in violation of the conditions of his supervised release.

ORDER OF COURT

Considered and ordered this ___5___ day of_
September , 2008.

_____
U.S. District Judge

Respectfully,

_____
U.S. Probation Officer

Place Wilmington, Delaware

Date September 2, 2008

**Re: Jeffrey C. Williams**
**07CR00032-001 (JJF)**

Above probation officer has reason to believe that Jeffrey C. Williams has violated the terms and conditions of his supervised release under such circumstances that may warrant revocation of his supervised release. These conditions are:

**SPECIAL CONDITION:** "The defendant shall pay a $100.00 special assessment which is due immediately."

**EVIDENCE:** The defendant commenced his term of supervised release on February 28, 2008. To date the defendant has paid $25.00. That amount was received while the defendant was participating in the Federal Bureau of Prisons Inmate Financial Responsibility Program. The defendant has not submitted any payments during his present term of supervised release. The defendant has a $75.000 unpaid special assessment balance remaining to be paid

**SPECIAL CONDITION:** "The defendant shall make restitution in the amount of $59,576.00. The defendant shall make a lump sum payment of one half of the restitution obligation within six months of commencing the term of supervised release. Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision. While on supervised release, the defendant shall pay not less than $100.00 monthly for restitution.

**EVIDENCE:** The defendant commenced his term of supervised release on February 28, 2008. To date the defendant has presented no restitution payments. During scheduled office visits on March 14, April 18, May 15, June 16, July 21 and August 7, 2008, the defendant assured the U.S. Probation Officer that he would have the funds to satisfy his $29,788.00 obligation by August 28, 2008 as ordered by the Court. During the June 16, 2008 office visit, the defendant specifically informed that he would be taking out a loan in order to satisfy his pending August 28 restitution payment requirement and that his wife would be the co-signer of that loan. On August 29, 2008, the defendant appeared for s scheduled office visit which was designated to confirm that he has complied with his August 28 restitution payment due date. During that office visit, the defendant informed that he did not have the ordered payment and he could not provide any estimate as to when that payment would be submitted. The defendant related that his cause for nonpayment was that he had no available funds.